**ORIGINAL**

# In the United States Court of Federal Claims

Nos. 15-1528T and 15-1554T (Consolidated)

(Filed: February 19, 2016)

**(NOT TO BE REPORTED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ELIJAH JACKSON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**
**FEB 19 2016**
U.S. COURT OF
FEDERAL CLAIMS

Elijah Jackson, Jr., Sneads, Florida, *pro se*.

Blaine G. Saito, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Caroline D. Ciraolo, Acting Assistant Attorney General, Tax Division, and David I. Pincus, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## ORDER

LETTOW, Judge.

Plaintiff Elijah Jackson, an inmate in a Florida state prison, has filed two actions in this court without paying the court's filing fee. Mr. Jackson has instead applied for a fee waiver under the *in forma pauperis* statute, 28 U.S.C. § 1915, which permits the court to waive filing fees for persons who are unable to pay. *See Manning v. United States*, 123 Fed. Cl. 679, 681 (2015). When the applicant is a prisoner, special rules apply. Unless a prisoner is in "imminent danger of serious physical injury," a prisoner may not bring an *in forma pauperis* civil action or appeal if he has brought three or more actions or appeals in federal court while incarcerated that were dismissed as frivolous, malicious, or failing to state a claim. 28 U.S.C. § 1915(g). This statutory benchmark is often referred to as "the three-strikes rule." *Leaming v. United States*, 114 Fed. Cl. 201, 203 (2014).

The three-strikes rule is potentially applicable to Mr. Jackson because he is currently incarcerated. Application to Proceed *In Forma Pauperis*, ECF No. 3. Although he asserts that the facility in which he is incarcerated may be classified as a mental health facility under Florida law, Pl.'s Opp'n at 5, ECF No. 8, that assertion has no bearing on his status as a prisoner. *See* 28

U.S.C. § 1915(h) (defining "prisoner" to include "any person incarcerated or detained in any facility"); *see also Gibson v. City of New York*, 692 F.3d 198, 202 (2d Cir. 2012) (finding that a person housed in mental health facility was a "prisoner" under Subsection 1915(h)).

While imprisoned, Mr. Jackson has filed at least five actions or appeals that were dismissed as frivolous, malicious, or failing to state a claim. The pertinent decisions, stated in chronological order, extend from 2003 to 2015. *See Jackson v. Weiss*, No. 8:03-cv-2070 (M.D. Fla. Oct. 6, 2003) (dismissal for failure to state a claim); *Jackson v. Weiss*, No. 8:11-cv-646 (M.D. Fla. Mar. 30, 2011) (dismissal for failure to state a claim); *Jackson v. Buss*, No. 5:11-cv-57 (N.D. Fla. Nov. 30, 2011) (dismissal as malicious); *Jackson v. Crews*, No. 4:13-cv-651 (N.D. Fla. June 30, 2014) (dismissal as malicious and for failing to state a claim); *Jackson v. Payne*, No. 14-13445, slip op. at 2 (11th Cir. Apr. 14, 2015) ("Jackson's appeal of the district court's dismissal of his § 1983 complaint for abuse of process is frivolous."). Because Mr. Jackson has accumulated three strikes, and because he does not assert he is in imminent danger of serious physical injury, the court denies his application to proceed *in forma pauperis*.

Typically, the court would give an applicant whose motion to proceed *in forma pauperis* is denied a chance to pay the filing fee. But here, the court dismisses Mr. Jackson's complaints as frivolous. Pursuant to 28 U.S.C. § 1915A, the court is obligated to dismiss a prisoner's complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Mr. Jackson's complaints, which ostensibly seek tax refunds, make incomprehensible claims of entitlement to a fantastic sum of money on thoroughly specious grounds. Accordingly, they must be dismissed pursuant to Section 1915A. *See Jones v. United States*, 122 Fed. Cl. 543, 544-46 (2015).

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* is DENIED. The complaints are DISMISSED as frivolous. The clerk is directed to enter judgment in accord with this opinion.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge